# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALAN LAWRIE | CASE NO: 1:12-cv-00166-GBC (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE REGARDING THREE STRIKES |
| v. | |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

## I.  Procedural History

Matthew Alan Lawrie ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis ("IFP"). Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 6, 2012. Doc.1. On April 10, 2012, the Court granted Plaintiff's motion to proceed in forma pauperis. Doc. has not paid the $350.00 filing fee for this action or submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

## II.  Three Strikes

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff filed three or more actions that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

1

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1]  "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005).  However, where the docket records do not reflect the basis for the dismissal, the Court should conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

After careful review, the Court finds the following cases count as strikes for being malicious and frivolous: 1) *Lawrie v. State of California, et al.*, 1:11-cv-00471-DLB (E.D. Cal. July 28, 2011) (failure to state a claim); 2) *Lawrie v. State of California, et al.*, 1:11-cv-00551-LJO-GSA at Doc. 15 (E.D. Cal. August 19, 2011) (failure to state a claim, frivolous and malicious); 3) *Lawrie v. Vargas, et al.*, No. 3:11-cv-02081-H-BLM at Doc. 3, Doc. 4 (S.D. Cal. October 10, 2011) (failure to state a claim); and 4) *Lawrie v. Cline, et al.*, 3:11-cv-02584-H-JMA at Doc. 20 (S.D. Cal. December 19, 2011) (failure to state a claim).

Plaintiff has three or more strikes and became subject to section 1915(g) well before Plaintiff filed this action on February 6, 2012.  Therefore, the Court finds that Plaintiff should be precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed, under imminent danger of serious physical injury.

///
///
///
///
///

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

**III. Conclusion**

Because it appears that the Plaintiff has on three or more prior occasions brought civil actions that have been dismissed as frivolous or for failure to state a claim, the Court HEREBY ORDERS: Plaintiff SHALL SHOW CAUSE within thirty (30) days of the date of service of this order why the abovementioned actions do not count as "strikes" under 28 U.S.C. § 1915(g) and why Plaintiff's in forma pauperis status should not be revoked to allow Plaintiff to submit the entire balance of the $350.00 filing fee.

IT IS SO ORDERED.

Dated:     July 12, 2012

UNITED STATES MAGISTRATE JUDGE