1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

| | |
|---|---|
| MATTHEW ALAN LAWRIE | CASE NO: 1:12-cv-00166-GBC (PC) |
| Plaintiff, | ORDER DENYING REQUESTS FOR INJUNCTIVE RELIEF (Doc. 8) |
| v. | |
| KATHLEEN ALLISON, et al., | ORDER DENYING AS MOOT MOTION TO SUBMIT DECLARATION IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF |
| Defendants. | (Doc. 10) |

9
10
11
12
13
14
15
16

## I.    Procedural History

Matthew Alan Lawrie ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis ("IFP").  Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 6, 2012.  Doc.1. On July 11, 2012, Plaintiff filed a motion for injunctive relief to address a wound infection.  Doc. 8.

17
18
19
20
21
22

## II.    Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as a matter of right."   *Winter v. Natural Resources Defense Council, Inc*., 129 S.Ct. 365, 376 (2008)(citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Id*. at 374 (citations omitted).  An injunction may only be awarded

23
24
25
26
27
28

upon a clear showing that the plaintiff is entitled to relief. *Id*. at 376 (citation omitted)(emphasis added). The Ninth Circuit has made clear that "[T]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable." *McDermott v. Ampersand Pub., LLC*, 593 F.3d 950 (9th Cir. 2010), quoting *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

'A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.' *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda v. U.S. INS*, 753 F.2d 719, 727 (9th Cir. 1985). Although the claims in this action involve an injury which is related to Plaintiff's motion for injunctive relief relating to medical treatment, the Eighth Amendment failure to protect claim central to this action is unrelated to the new additional medical claim in Plaintiff's motion for injunctive relief as the claims involve different nucleus of facts involving different acts or omissions by different and unrelated state actors. Thus, the court cannot issue an order addressing Plaintiff's medical claims from prison officials who are not parties to this current action. *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004).

Moreover, pursuant to Federal Rule of Civil Procedure 20(a)(2), persons may be joined as defendants in one action if the right asserted against them arises from the same transaction or occurrence, and any questions of law or fact common to all defendants will arise in the action. *See* Fed. R. Civ. P. 8(a); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007) (finding unrelated claims against different defendants belong in different suits). If Plaintiff wishes to bring a medical deliberate indifference claim, it must be filed in a separate action. *See* Fed. R. Civ. P. 8(a); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007).

///

///

///

///

**III.**   **Conclusion and Order**

Therefore, the court HEREBY ORDERS that:

1.     Plaintiff's motion for injunctive relief, filed on July 11, 2012, is DENIED (Doc. 8); and

2.     Plaintiff's motion to admit declaration in support of motion for injunctive relief, filed on July 16, 2012 is DENIED as moot.  (Doc. 10).


IT IS SO ORDERED.

Dated:     August 22, 2012                              _____

UNITED STATES MAGISTRATE JUDGE

3